

September 10, 2010

**VIA ECF and REGULAR MAIL**

Honorable Denis R. Hurley, U.S.D.J.
U.S. District Court, Eastern District of New York
P.O. Box 9014
100 Federal Plaza
Central Islip, New York 11722

Eduardo J. Glas
Partner
T. 212.609.6844
F. 212.416.5158
eglas@mccarter.com

Re:   Bank of America, National Association, as Trustee v. Commack
      Properties et al. Civil Action No. 09-CV-5296

McCarter & English, LLP
245 Park Avenue
27th Floor
New York, NY 10167
T. 212.609.6800
F. 212.609.6921
www.mccarter.com

Dear Judge Hurley:

We represent the Plaintiff in the above referenced case. The matter involves a commercial foreclosure action. We write, in accordance with the Court's individual rules, to request a pre-motion conference to seek leave to file a motion for the turn-over of rents that belong to Plaintiff pursuant to an absolute Assignment of Lease and Rents (the "Assignment of Rents").

Background

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

On or about March 26, 2010, Plaintiff served its moving papers on its summary judgment motion on its foreclosure count on the Defendant. The summary judgment motion was fully briefed and filed with the Court on or about May 3, 2010. As of this date, no decision has been rendered on the summary judgment motion. The failure to turn over rents collected is a default under Section 7.1 of the Mortgage and constitutes a further reason to grant the pending summary judgment motion. The failure to turn over rents collected is a default under the Mortgage and constitutes further reason to grant the pending summary judgment motion.

ME1 10536700v.1

Honorable Denis Hurley, U.S.D.J.
September 10, 2010
Page 2


The Assignment of Rents

In addition to the Note and the Mortgage that are the basis for the summary judgment motion already filed, the Defendant also executed an Assignment of Rents, a copy of which is attached hereto as Exhibit A[1].

Pursuant to the terms of the Assignment of Rents, Defendant "absolutely and unconditionally" assigned to Plaintiff "all right, title and interest of Assignor in and to all present and future Leases and Rents, and the Assignment constitutes a present and absolute assignment and is intended to be unconditional and not as an assignment of additional security only." Assignment of Rents, ¶2(a).

The Assignment of Rents further provides that Defendants are authorized to collect rents under a license that is revocable upon a default under the Loan Documents. Id. The Defendant was given notice that its license was revoked on or about September 25, 2009. See attached Exhibit B. The Defendant holds and receives all rents as trustee for the benefit of the Plaintiff only. Assignment of Rents, ¶ 3.

No rents have been received from the Defendant since its last remittance of $13,600 on or about April 8, 2010.

Argument

Under New York law, title to rents is immediately conveyed to an assignee upon the execution of an absolute assignment of rents. See In re Loco Realty, 2009 Bankr. Lexis 1724 (Bankr. S.D.N.Y. June 25, 2009)(Bank's title to rents starts the moment an absolute assignment of rents is executed and not when a related mortgage goes into default). Federal Courts have regularly directed the turn-over of rents collected based on terms identical to the Assignment of Rents applicable here. See, e.g., Federal Home Loan Mortgage Corp. v. Dutch Lane Assoc., 775 F.Supp. 133, 139-140 (S.D.N.Y. 1991)(lender entitled to summary judgment to recover all rents collected and not delivered to lender based on absolute assignment of rents); Federal Home Loan Mortgage Corp. v. Spark Tarrytown, Inc. et al., 822 F.Supp. 137, 139-140 (S.D.N.Y. 1993)(lender entitled to recover rents collected by a borrower as of the date of default of a mortgage based on an absolute

---

[1] The Assignment of Rents was initially executed in favor of AIG Mortgage Capital LLC and was transferred first to Some II, LLC and subsequently to LaSalle Bank, which merged into Bank of America. All the assignment documents are attached hereto as part of Exhibit A.

Honorable Denis Hurley, U.S.D.J.
September 10, 2010
Page 3


assignment of rents); Federal Home Loan Mortgage Corp., v. Kopf et al., 1991 U.S.Dist. Lexis 2881 (E.D.N.Y. January 30, 1991)(granting summary judgment on motion to turn over rents after summary judgment had been granted on foreclosure count); Federal Home Loan Mortgage Corp. v. 4727 White Plains Associates et al., 1993 U.S.Dist. Lexis 11457 (S.D.N.Y. August 13, 1993).   Accordingly, we respectfully request that the Court schedule a pre-motion conference to grant leave to file a turn-over motion.

Respectfully submitted,

Eduardo J. Glas


cc:      Michael Premisler, Esq. (via Regular Mail & ECF)

# EXHIBIT A

RECORDING REQUESTED BY AND WHEN
RECORDED MAIL TO:
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Attention:  David Fairman

## ASSIGNMENT OF LEASES AND RENTS

Dated and effective as of March 26, 2007

between

COMMACK PROPERTIES, LLC
as Assignor

and

AIG MORTGAGE CAPITAL, LLC
as Assignee

THIS ASSIGNMENT OF LEASES AND RENTS (this *"Assignment"*) dated and effective as of the 26th day of March 2007 made by **COMMACK PROPERTIES, LLC**, a New York limited liability company having an address at One Old Country Road, Suite 360B, Carle Place, New York 11514 (*"Assignor"*), to **AIG MORTGAGE CAPITAL, LLC**, a Delaware limited liability company (together with its successors and assigns, hereinafter referred to as *"Assignee"*), having an address at 1999 Avenue of the Stars, 38th Floor, Los Angeles, California 90067.

## W I T N E S S E T H :

WHEREAS, Assignor is the owner of a fee simple title to that certain parcel of real property (the *"Premises"*) described in Exhibit A attached hereto, together with the buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and other improvements now or hereafter located thereon (collectively, the *"Property"*);

WHEREAS, Assignee has agreed to make a secured loan to Assignor in the maximum principal amount of $5,000,000.00 (the *"Loan"*) secured by that certain first priority Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of the date hereof (as amended from time to time, the *"Mortgage"*) encumbering the Property.

WHEREAS, Assignor has executed a note in such principal amount (as the same may be amended, modified, restated, severed, consolidated, renewed, replaced, or supplemented from time to time, the *"Note"*).

WHEREAS, it is a condition to the obligation of Assignee to make the Loan to Assignor pursuant to the Mortgage that Assignor execute and deliver this Assignment;

WHEREAS, this Assignment is being given as additional security for the Loan; and

WHEREAS, capitalized terms used in this Assignment without definition have the respective meanings assigned to such terms in the Mortgage, the terms of each of which are specifically incorporated by reference herein.

NOW, THEREFORE, for good and valuable consideration, receipt of which by the parties hereto is hereby acknowledged, and additionally for the purpose of additionally securing the Debt, Assignor hereby assigns, transfers, conveys and sets over unto Assignee, all right, title and interest of Assignor in and to all Leases and all Rents;

TO HAVE AND TO HOLD the same unto Assignee, and its successors and assigns forever, upon the terms and conditions and for the uses hereinafter set forth.

And Assignor hereby further agrees as follows:

1.     Certain Representations, Warranties and Covenants.  Assignor represents, warrants and covenants to Assignee that:

LA126712425v4

(a)    The payment of the Rents to accrue under any Lease will not be waived, released, reduced, discounted or otherwise discharged or compromised by Assignor;

(b)    Assignor has not performed, and will not perform, any acts, and has not executed, and will not execute, any instrument that would prevent Assignee from exercising its rights under this Assignment; and

(c)    Intentionally deleted.

2.    <u>Assignment; Deferred Exercise of Rights.</u>

(a)    As part of the consideration for the Debt, Assignor does hereby absolutely and unconditionally assign to Assignee all right, title and interest of Assignor in and to all present and future Leases and Rents, and this Assignment constitutes a present and absolute assignment and is intended to be unconditional and not as an assignment for additional security only. It is further intended that it not be necessary for Assignee to institute legal proceedings, absent any requirements of law or regulation to the contrary, to enforce the provisions hereof. Assignor hereby authorizes Assignee or its agents to collect the Rents; provided, however, that prior to an Event of Default, Assignor shall have a revocable license, but limited as provided in this Assignment and in any of the other Loan Documents, to otherwise deal with, and enjoy the rights of the lessor under, the Leases.

(b)    Upon the occurrence and during the continuance of an Event of Default, and without the necessity of Assignee entering upon and taking and maintaining full control of the Property in person, by agent or by court-appointed receiver, the license referred to in paragraph (a) above shall immediately be revoked and Assignee shall have the right at its option, to exercise all rights and remedies contained in the Loan Documents, or otherwise available at law or in equity.

3.    <u>Rents Held in Trust by Assignor.</u> Rents held or received by Assignor shall be held or received by Assignor as trustee for the benefit of Assignee only.

4.    <u>Effect on Rights Under Other Documents.</u> Nothing contained in this Assignment and no act done or omitted by Assignee pursuant to the powers and rights granted it hereunder shall be deemed to be a waiver by Assignee of its rights and remedies under any of the other Loan Documents, and this Assignment is made and accepted without prejudice to any of the rights and remedies possessed by Assignee under the terms of the other Loan Documents. The rights of Assignee under the other Loan Documents may be exercised by Assignee either prior to, simultaneously with, or subsequent to any action taken by it hereunder. This Assignment is intended to be supplementary to and not in substitution for or in derogation of any assignment of rents or grant of a security interest contained in any of the other Loan Documents.

5.    <u>Event of Default.</u> Upon or at any time after the occurrence and during the continuance of an Event of Default, then in addition to and without limiting any of Assignee's rights and remedies hereunder and under the other Loan Documents and as otherwise available at law or in equity:

(a)     Assignee may, at its option, without waiving such Event of Default and without regard to the adequacy of the security for the Debt, either in person or by agent, without bringing any action or proceeding, or by a receiver appointed by a court, without taking possession of the Property in its own name, demand, sue for or otherwise collect and receive all Rents, including those past-due and unpaid, for application to the payment of the Debt in accordance with the terms of the Loan Documents, and Assignee may enter into, and to the extent that Assignor would have the right to do so, cancel, enforce or modify any Lease.  The exercise by Assignee of the option granted it in this Section and the collection of the Rents and the application thereof as herein provided shall not be considered a waiver of any Event of Default.

(b)     Assignor hereby acknowledges and agrees that payment of any item of Rent by a Person to Assignee as hereinabove provided shall constitute payment in full of such item of Rent by such Person, as fully and with the same effect as if it had been paid to Assignor.

(c)     Assignee in respect of the Leases and Rents shall have all of the rights and remedies of a secured party under the Uniform Commercial Code as in effect in the State in which such rights and remedies are asserted as described in Section 12(b) to the extent of such rights thereunder and additional rights and remedies to which a secured party is entitled under the laws in effect in any jurisdiction where any rights and remedies hereunder may be asserted.

6.     <u>Application of Rents and Proceeds</u>.  After the occurrence and during the continuance of an Event of Default, Rents received or held by Assignor or Assignee shall be applied in accordance with the terms of the Loan Documents.

7.     <u>Attorney-in-Fact</u>.  Upon the occurrence and during the continuance of any Event of Default, Assignor hereby appoints Assignee the attorney-in-fact of Assignor to take any action and execute any instruments that Assignor is obligated, or has covenanted and agreed under the Mortgage or the other Loan Documents to take or execute, which appointment as attorney-in-fact is irrevocable and coupled with an interest.  Without limiting the generality of the foregoing provisions of this <u>Section 7</u>, upon the occurrence and during the continuance of an Event of Default, Assignor does hereby irrevocably appoint Assignee as its attorney-in-fact with full power, in the name and stead of Assignor to demand, collect, receive and give complete acquittance for any and all of the Rents now due or that may hereafter become due, and at Assignee's discretion, to file any claim, to take any other action, to institute any proceeding or to make any settlement of any claim, either in its own name or in the name of Assignor or otherwise, which Assignee may deem necessary or desirable in order to collect and enforce the payment of Rents.

8.     <u>Termination</u>.  Assignee, by the acceptance of this Assignment, agrees that when all of the Debt shall have been paid in full, this Assignment shall terminate, and Assignee shall execute and deliver to Assignor, upon such termination such instruments of termination or re-assignment and Uniform Commercial Code termination statements, all without recourse and without any representation or warranty whatsoever, as shall be reasonably requested by Assignor.

9.   Expenses.  Assignor agrees to pay to Assignee all out-of-pocket expenses (including expenses for reasonable attorneys' fees and costs of every kind) of, or incident to, the enforcement of any of the provisions of this Assignment or performance by Assignee of any obligation of Assignor hereunder which Assignor has failed or refused to perform.

10.   Further Assurances.  Assignor agrees that, from time to time upon the written request of Assignee, it will give, execute, deliver, file and/or record any financing statements, notice, instrument, document, agreement or other papers and do such other acts and things that may be necessary and desirable to create, preserve, perfect or validate this Assignment, to enable Assignee to exercise and enforce its rights hereunder with respect to this Assignment or to otherwise carry out the purposes and intent of this Assignment.

11.   No Obligation by Assignee.  By virtue of this Assignment, Assignee shall not be obligated to perform or discharge, nor does it hereby undertake to perform or discharge, any obligation, duty or liability under any of the Leases. This Assignment shall not operate to constitute Assignee as a lender in possession of the Property or to place responsibility for the control, care, management or repair of the Property upon Assignee, nor shall it operate to make Assignee responsible or liable for any waste committed on the Property by any tenant or other party in possession or for any dangerous or defective condition of the Property or for any negligence in the management, upkeep, repair or control thereof.

12.   Miscellaneous.

(a)   No failure on the part of Assignee or any of its agents to exercise, and no course of dealing with respect to, and no delay in exercising, any right, power or remedy hereunder shall operate as a waiver thereof; nor shall any single or partial exercise by Assignee or any of its agents of any right, power or remedy hereunder preclude any other or further exercise thereof or the exercise of any other right, power or remedy.  Subject to Section 16 hereof, the remedies herein are cumulative and are not exclusive of any remedies provided by law.

(b)   WITH RESPECT TO MATTERS RELATING TO THE CREATION, PERFECTION AND PROCEDURES RELATING TO THE ENFORCEMENT OF THIS ASSIGNMENT, THIS ASSIGNMENT SHALL BE GOVERNED BY, AND BE CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE IN WHICH THE PROPERTY IS LOCATED, IT BEING UNDERSTOOD THAT, EXCEPT AS EXPRESSLY SET FORTH ABOVE IN THIS PARAGRAPH AND TO THE FULLEST EXTENT PERMITTED BY THE LAW OF SUCH STATE, THE LAW OF THE [STATE OF NEW YORK] [check with AIG] SHALL GOVERN ALL MATTERS RELATING TO THIS ASSIGNMENT AND THE OTHER LOAN DOCUMENTS AND ALL OF THE INDEBTEDNESS OR OBLIGATIONS ARISING HEREUNDER OR THEREUNDER.  ALL PROVISIONS OF THE MORTGAGE INCORPORATED HEREIN BY REFERENCE SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK, AS SET FORTH IN THE GOVERNING LAW PROVISION OF THE MORTGAGE.

(c)     Subject to Section 16 hereof, all rights and remedies set forth in this Assignment are cumulative, and Assignee may recover judgment thereon, issue execution therefor, and resort to every other right or remedy available at law or in equity, without first exhausting and without affecting or impairing the security of any right or remedy afforded hereby; and no such right or remedy set forth in this Assignment shall be deemed exclusive of any of the remedies or rights granted to Assignee in any of the Loan Documents.  Nothing contained in this Assignment shall be deemed to limit or restrict the rights and remedies of Assignee under the Mortgage or any of the other Loan Documents.

(d)     Until the indebtedness and all other obligations secured by the Loan Documents is paid in full, Assignor will, upon request, deliver from time to time to Assignee executed originals to the extent available, otherwise photocopies certified by Assignor as true, correct and complete, of executed originals, of any and all existing Leases to which Assignor is a party, and executed originals, or photocopies of executed originals, so certified by Assignor, if an executed original is not available, of all other and future Leases to which Assignor is a party, and upon request of Assignee, will specifically transfer and assign to Assignee such other and future Leases upon the same terms and conditions as herein contained.

(e)     Assignor represents that it:  (i) has been advised that Assignee engages in the business of real estate financings and other real estate transactions and investments which may be viewed as adverse to or competitive with the business of Assignor or its affiliates;   (ii) is represented by competent counsel and has consulted counsel before executing this Assignment; and (iii) has relied solely on its own judgment and on its counsel and advisors in entering into the transaction(s) contemplated hereby without relying in any manner on any statements, representations or recommendations of Assignee or any parent, subsidiary or affiliate of Assignee.

13.     No Oral Change.  This Assignment may not be amended except by an instrument in writing signed by Assignor and Assignee.

14.     Successors and Assigns.  Assignor may not assign its rights under this Assignment except as permitted under the Mortgage.  Subject to the foregoing, this Assignment shall be binding upon, and shall inure to the benefit of, Assignor and Assignee and their respective successors and assigns.

15.     Notices.  All notices, requests and other communications provided for herein shall be given or made in writing in the manner specified in the Mortgage.

16.     Exculpation.  It is expressly agreed that recourse against Assignor for failure to perform and observe its obligations contained in this Assignment shall be limited as and to the extent provided in Section 8 of the Mortgage.

**[Balance of Page Intentionally Left Blank; Signatures on Following Page]**

STATE OF *New York* )
                     ) ss.:
COUNTY OF *Nassau* )

This instrument was acknowledged before me on *March 21*, 200*7* by *Jay L Viders*, the *Managing member* of *Commack Properties, LLC* a *New York* corporation, on behalf of said corporation in its capacity as member of *Commack Properties LLC* a *New York* limited liability company, on behalf of such limited liability company.

_____
Notary Public

State of *New York*

My commission expires:

_____

EDWARD NEWMAN
.NOTARY PUBLIC - STATE OF NEW YORK
NO. 02NE8131890
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES NOV. 30, 2010

LA 126712425v4 075327-015100

## EXHIBIT A

### Description of Property

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being at Commack, in the Town of Smithtown, County of Suffolk and State of New York, being Lots 23-26 in Block 1; part of lots 20-22 and part of lots 27-34 in Block 1; part of lots 1-9, and 23-24; and a portion of Wall Street; all as shown on a certain map entitled "Map of Washington Manor at Commack, Sec. 1" as filed in the Office of the Clerk of the County of Suffolk on April 2, 1927 as Map No. 292; which said lots and part of lots and described premises when taken together are bounded and described as follows:

BEGINNING at the corner formed by the intersection of the southeasterly side of Lincoln Avenue (Parkway North), 60.0 feet wide, with the northeasterly side of Cedar Street (Parkway North), 60.0 feet wide;

RUNNING THENCE North 22 degrees 50 minutes 52 seconds East along the southeasterly side of Lincoln Avenue, 260.00 feet;

THENCE South 67 degrees 09 minutes 08 seconds East 95.00 feet;

THENCE North 22 degrees 50 minutes 52 seconds East, 40.00 feet to the southwesterly side of Veterans Memorial Highway;

THENCE South 67 degrees 09 minutes 08 seconds East 86.42 feet;

THENCE southeasterly and still along said southwesterly side of Veterans Memorial Highway along the arc of a curve, bearing to the right and having a radius of 11,371.49 feet, and a distance of 151.47 to the land of the State of New York;

THENCE South 22 degrees 50 minutes 52 seconds West 298.99 feet to the northeasterly side of Cedar Street; and

THENCE North 67 degrees 09 minutes 08 seconds West along the northeasterly side of Cedar Street, 333.15 feet to the corner first out above mentioned, the point or place of BEGINNING.

A-1

## ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS

AIG MORTGAGE CAPITAL, LLC
(Assignor)

to

SOME II, LLC
(Assignee)

Dated: As of March 26, 2007

PROPERTY LOCATION:

366-368 Veteran's Memorial Hwy., Commack, New York

DOCUMENT PREPARED BY AND WHEN RECORDED, RETURN TO:

**Greenberg Traurig LLP**
**2450 Colorado Avenue, Suite 400E**
**Santa Monica, California 90404**
**Attn: David Fairman**

LA126748212v1

## ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS

AIG MORTGAGE CAPITAL, LLC, a Delaware limited liability company, whose address is 1999 Avenue of the Stars, 38th Floor, Los Angeles, California 90067 ("*Assignor*"), as the holder of the instrument hereinafter described and for valuable consideration hereby endorses, assigns, sells, transfers and delivers to SOME II, LLC, a Delaware limited liability company ("*Assignee*") having an address at 1999 Avenue of the Stars, 38th Floor, Los Angeles, California 90067, its successors, participants and assigns, without recourse, representation or warranty, expressed or implied, all right, title and interest of Assignor in and to that certain Assignment of Leases and Rents by COMMACK PROPERTIES, LLC, a New York limited liability company ("*Borrower*") dated March 26, 2007 and recorded on _____ ___, 2007 in the Recorder's Office of Suffolk County, State of New York as Document No. _____ (as the same have heretofore been amended, modified, restated, supplemented, renewed, or extended), securing the payment of a Promissory Note of even date therewith in the original principal amount of FIVE MILLION DOLLARS AND 00/100 ($5,000,000.00), made by the Borrower, payable to the order of Assignor, and creating a first lien on the property described in Exhibit A attached hereto and by this reference made a part hereof.

Together with any and all notes and obligations therein described, the debt and claims secured thereby and all sums of money due and to become due thereon, with interest provided for therein, and hereby irrevocably appoints Assignee hereunder its attorney to collect and receive such debt, and to foreclose, enforce and satisfy the foregoing the same as it might or could have done were these presents not executed, but at the cost and expense of Assignee.

Together with any and all other liens, privileges, security interests, rights, entitlements, equities, claims and demands as to which Assignor hereunder possesses or to which Assignor is otherwise entitled as additional security for the payment of the notes and other obligations described herein.

This Assignment shall be governed in all respects by the laws of the State of New York and shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

## [SIGNATURE ADDENDUM ON THE FOLLOWING PAGE]

LA126748212v1

IN WITNESS WHEREOF, Assignor has caused this instrument to be executed by its duly authorized officer on this _____ day of _____, 2007.

**ASSIGNOR:**

**AIG MORTGAGE CAPITAL, LLC**, a Delaware limited liability company

By: _____

Name: _____
          William Petak

Title: _____
         Senior Vice President

LA126748212v1

STATE OF CALIFORNIA          )
COUNTY OF _Los Angeles_ss.:

On _March 19_, 2007 before me, _Jessica Ehrlich_, a Notary Public for said state, personally appeared _William Petak_, personally known to me OR proved to me on the basis of satisfactory evidence to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

JESSICA EHRLICH
Commission # 1716194
Notary Public - California
Los Angeles County
My Comm. Expires Jan 12, 2011

_____
Notary Public

State of _California_____

My commission expires:
_Jan 12 2011_

# EXHIBIT A

## LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being at Commack, in the Town of Smithtown, County of Suffolk and State of New York, being Lots 23-26 in Block 1; part of lots 20-22 and part of lots 27-34 in Block 1; part of lots 1-9, and 23-24; and a portion of Wall Street; all as shown on a certain map entitled "Map of Washington Manor at Commack, Sec. 1" as filed in the Office of the Clerk of the County of Suffolk on April 2, 1927 as Map No. 292; which said lots and part of lots and described premises when taken together are bounded and described as follows:

BEGINNING at the corner formed by the intersection of the southeasterly side of Lincoln Avenue (Parkway North), 60.0 feet wide, with the northeasterly side of Cedar Street (Parkway North), 60.0 feet wide;

RUNNING THENCE North 22 degrees 50 minutes 52 seconds East along the southeasterly side of Lincoln Avenue, 260.00 feet;

THENCE South 67 degrees 09 minutes 08 seconds East 95.00 feet;

THENCE North 22 degrees 50 minutes 52 seconds East, 40.00 feet to the southwesterly side of Veterans Memorial Highway;

THENCE South 67 degrees 09 minutes 08 seconds East 86.42 feet;

THENCE southeasterly and still along said southwesterly side of Veterans Memorial Highway along the arc of a curve, bearing to the right and having a radius of 11,371.49 feet, and a distance of 151.47 to the land of the State of New York;

THENCE South 22 degrees 50 minutes 52 seconds West 298.99 feet to the northeasterly side of Cedar Street; and

THENCE North 67 degrees 09 minutes 08 seconds West along the northeasterly side of Cedar Street, 333.15 feet to the corner first out above mentioned, the point or place of BEGINNING.







## SUFFOLK COUNTY CLERK
### RECORDS OFFICE
### RECORDING PAGE

Type of Instrument: ASSIGNMENT OF ASSIGNMENT OF LEA   Recorded:   02/14/2008
Number of Pages: 6   At:   11:24:47 AM
Receipt Number : 08-0013907

LIBER:   D00012540
PAGE:   660

| District: | Section: | Block: | Lot: |
|-----------|----------|--------|------|
| 0800 | 151.00 | 01.00 | 010.000 |

EXAMINED AND CHARGED AS FOLLOWS
Received the Following Fees For Above Instrument

|  |  | Exempt |  |  | Exempt |
|--|--|--------|--|--|--------|
| Page/Filing | $18.00 | NO | Handling | $5.00 | NO |
| COE | $5.00 | NO | NYS SRCHG | $15.00 | NO |
| Notation | $1.00 | NO | Cert.Copies | $0.00 | NO |
| RPT | $110.00 | NO |  |  |  |
|  |  |  | Fees Paid | $154.00 |  |

THIS PAGE IS A PART OF THE INSTRUMENT
THIS IS NOT A BILL

Judith A. Pascale
County Clerk, Suffolk County

| | | 1 | 2 | | | |
|---|---|---|---|---|---|---|

Number of pages _6_

**TORRENS**

Serial # _____

Certificate # _____

Prior Ctf. # _____

RECORDED
2008 Feb 14 11:24:47 AM
Judith A. Pascale
CLERK OF
SUFFOLK COUNTY
L D00012540
P 660

| Deed / Mortgage Instrument | Deed / Mortgage Tax Stamp | Recording / Filing Stamps |
|---|---|---|

| 3 | | FEES | |
|---|---|---|---|

Page / Filing Fee _18_

Handling _5. 00_

TP-584 _____

Notation _2_   _1_

EA-52 17 (County) _____  Sub Total _24_

EA-5217 (State) _____

R.P.T.S.A. _110  00_

Comm. of Ed. _5. 00_

Affidavit _____

Certified Copy _____

NYS Surcharge _15. 00_  Sub Total _130_

Other _____  Grand Total _154 -_

Mortgage Amt. _____
1. Basic Tax _____
2. Additional Tax _____
Sub Total _____
Spec./Assit. _____
or
Spec./Add. _____
TOT. MTG. TAX _____
Dual Town ____ Dual County ____
Held for Appointment _____
Transfer Tax _____
Mansion Tax _____
The property covered by this mortgage is or will be improved by a one or two family dwelling only.
YES _____ or NO _____
If NO, see appropriate tax clause on page # _____ of this instrument.

| 4 | Dist _0.80_ | | | | 5 | **Community Preservation Fund** |
|---|---|---|---|---|---|---|

0800 15100 0100 010000
0800 15100 0100 027000
0800 15100 0100 013000
0800 15100 0100 011000
0800 15100 0100 012000

Real Property Tax Service Agency Verification

P T S
R LPA A
06-FEB-08

Consideration Amount $ _____

CPF Tax Due   $ _____

Improved _____
Vacant Land _____
TD _____
TD _____
TD _____

| 6 | Satisfactions/Discharges/Releases List Property Owners Mailing Address |
|---|---|

**RECORD & RETURN TO:**

Greenberg Traurig LLP
David Fairman
2450 Colorado Ave., 400E
Santa Monica, CA 90404

| 7 | **Title Company Information** |
|---|---|

Co. Name _First American Title_   _3001-_
Title # _(B833492 Topaz)_   _222954_

| 8 | **Suffolk County Recording & Endorsement Page** |
|---|---|

This page forms part of the attached _Assignment of Assignment of Leases_ made by:
(SPECIFY TYPE OF INSTRUMENT)

_Some II, LLC_

The premises herein is situated in SUFFOLK COUNTY, NEW YORK.

_LaSalle Bank, National Assn_   TO
_as Trustee_

In the Township of _Smithtown_

In the VILLAGE _____

or HAMLET of _Commack_

BOXES 6 THRU 8 MUST BE TYPED OR PRINTED IN BLACK INK ONLY PRIOR TO RECORDING OR FILING.

3001-222954

# ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS

SOME II, LLC
(Assignor)

to

LaSalle Bank National Association, as trustee for the registered Holders of J.P. MORGAN
CHASE COMMERCIAL MORTGAGE SECURITIES TRUST 2007-LDP 11 Commercial
Mortgage Pass-Through Certificates, Series 2007-LDP 11
(Assignee)

Effective as of July 5, 2007

PROPERTY LOCATION:

**366-368 Veteran's Memorial Hwy., Commack, New York**

DOCUMENT PREPARED BY AND WHEN RECORDED, RETURN TO:

**Greenberg Traurig LLP**
**2450 Colorado Avenue, Suite 400E**
**Santa Monica, California 90404**
**Attn: David Fairman**

First American Title Ins Co of N.Y.
333 Earle Ovington Blvd
Uniondale, New York 11553

*LA 126,748,217v3*

## ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS

SOME II, LLC, a Delaware limited liability company, whose address is 1999 Avenue of the Stars, 38th Floor, Los Angeles, California 90067 ("*Assignor*"), as the holder of the instrument hereinafter described and for valuable consideration hereby endorses, assigns, sells, transfers and delivers to **LaSalle Bank National Association, as trustee for the registered Holders of J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES TRUST 2007-LDP 11 Commercial Mortgage Pass-Through Certificates, Series 2007-LDP 11** ("*Assignee*"), having an address at LaSalle National Bank Association, 135 S. LaSalle Street, Suite 1625, Chicago, Illinois 60603, its successors, participants and assigns, without recourse, representation or warranty, expressed or implied, all right, title and interest of Assignor in and to that certain Assignment of Leases and Rents by **COMMACK PROPERTIES, LLC**, a New York limited liability company ("*Borrower*") dated March 26, 2007 and recorded on April 27, 2007 in the Recorder's Office of Suffolk County, State of New York at Liber D00012502, Page 929, as the same was assigned by AIG Mortgage Capital, LLC to Assignor pursuant to that certain Assignment of Assignment of Leases and Rents  dated as of March 26, 2007 and recorded on April 27, 2007 in the Recorder's Office of Suffolk County, State of New York at Liber D00012502, Page 930  (as the same have heretofore been amended, modified, restated, supplemented, renewed, or extended), securing the payment of a Promissory Note of even date therewith in the original principal amount of FIVE MILLION DOLLARS AND 00/100 ($5,000,000.00), made by the Borrower, payable to the order of Assignor, and creating a first lien on the property described in Exhibit A attached hereto and by this reference made a part hereof.

Together with any and all notes and obligations therein described, the debt and claims secured thereby and all sums of money due and to become due thereon, with interest provided for therein, and hereby irrevocably appoints Assignee hereunder its attorney to collect and receive such debt, and to foreclose, enforce and satisfy the foregoing the same as it might or could have done were these presents not executed, but at the cost and expense of Assignee.

Together with any and all other liens, privileges, security interests, rights, entitlements, equities, claims and demands as to which Assignor hereunder possesses or to which Assignor is otherwise entitled as additional security for the payment of the notes and other obligations described herein.

This Assignment shall be governed in all respects by the laws of the State of New York and shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

### [SIGNATURE ADDENDUM ON THE FOLLOWING PAGE]

* Some II LLC

IN WITNESS WHEREOF, Assignor has caused this instrument to be executed by its duly authorized officer and effective as of the date first set forth above.

ASSIGNOR:

SOME II, LLC,
a Delaware limited liability company

By: _____

Name: Keith C. Honig

Title: Senior Vice President

STATE OF CALIFORNIA          )
                             ) ss.:
COUNTY OF LOS ANGELES )

On __11/28/2008__ , 2008 before me, _Sumaiya Yusuf_ , a
Notary Public for said state, personally appeared _Keith Chong_

who proved to me on the basis of satisfactory evidence to be the person(s) whose names(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public

```
SUMAIYA YUSUF
Commission # 1601439
Notary Public — California
Los Angeles County
My Comm. Expires Aug 18, 2009
```

LA 126,748,217v3

*Exhibit A*

## Topaz Abstract Corporation

### Schedule A Description

Underwriter No. 550-S-24278
Title Number 37073

Revised: 03/15/2007
Page   1

ALL that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being at Commack, in the Town of Smithtown, County of Suffolk and State of New York, being lots 23-26 in Block 1; part of lots 20-22 and part of lots 27-34 in Block 1; part of lots 1-9, and 23-34 in Block 2; all of lots 11-22 in Block 2; and a portion of Wall Street; all as shown on a certain map entitled, "Map of Washington Manor at Commack, Section 1" as filed in the Office of the Clerk of the County of Suffolk on April 2, 1927 as Map No. 292, which said Lots, part of Lots and described premises when taken together are bounded and described as follows:

BEGINNING at the corner formed by the intersection of the southeasterly side of Lincoln Avenue (Parkway North), 60.0 feet wide, with the northeasterly side of Cedar Street (Parkway North), 60.0 feet wide;

RUNNING THENCE North 22 degrees 50 minutes 52 seconds East along the southeasterly side of Lincoln Avenue, 260.00 feet;

THENCE South 67 degrees 09 minutes 08 seconds East 95.00 feet;

THENCE North 22 degrees 50 minutes 52 seconds East 40.00 feet to the southwesterly side of Veterans Memorial Highway;

THENCE South 67 degrees 09 minutes 08 seconds East 86.42 feet;

THENCE southeasterly and still along said southwesterly side of Veterans Memorial Highway along the arc of a curve, bearing to the right and having a radius of 11,371.94 feet, and a distance of 151.47 feet to the land of the State of New York;

THENCE South 22 degrees 50 minutes 52 seconds West 298.99 feet to the northeasterly side of Cedar Street;

THENCE North 67 degrees 09 minutes 08 seconds West along the northeasterly side of Cedar Street, 333.15 feet to the corner first out above mentioned, the point or place of BEGINNING.

# INSURE

# EXHIBIT B



September 25, 2009

Eduardo J. Glas
Partner
T. 212.609.6844
F. 212.416.5158
eglas@mccarter.com

McCarter & English, LLP
245 Park Avenue
27th Floor
New York, NY  10167
T. 212.609.6800
F. 212.609.6921
www.mccarter.com

**FEDERAL EXPRESS AND FACSIMILE (516) 747-6384**

Commack Properties LLC
One Old Country Road, Suite 360B
Carle Place, New York  11514

Attn:  Jay R. Viders

Re:    Bank of America N.A. as successor in interest to LaSalle Bank
       National Association, as Trustee, Loan to Commack Properties, LLC,
       ("Borrower")

**NOTICE OF DEFAULT, ACCELERATION AND DEMAND FOR PAYMENT**

Dear Sirs:

This firm represents Bank of America N.A., as successor in interest to
LaSalle Bank National Association as Trustee for the Registered Holders of
J.P. Morgan Chase Commercial Mortgage Securities Trust 2007-LDP 11,
Commercial Mortgage Pass-Through Certificates, Series 2007-LDP 11 (the
"Lender") in connection with that certain loan in the original principal amount
of $5,000,000 (the "Loan") made to Commack Properties, LLC ("Borrower").
The Loan is evidenced by that certain Promissory Note dated March 26,
2007 (the "Note").   Repayment of the Loan is secured by, among other
things, that certain Mortgage, Assignment of Leases and Rents, Security
Agreement and Fixture Filing (the "Mortgage") pertaining to that certain real
property of the Borrower located in Commack, County of Suffolk, New York
and more fully described in Exhibit A to the Mortgage,  (the "Property").
Repayment of the Loan is also secured by a certain Guaranty (the
"Guaranty") executed by the Jay R. Viders (the "Guarantor").

Please be advised the Borrower is in default under the Loan and the
documents executed in connection therewith (collectively, the "Loan
Documents") by virtue of, among other things, failure to make the July 2009
monthly payment (the "Default").  As a result of the Default, the Lender has

Jay R. Viders
September 25, 2009
Page 2

accelerated the Loan and all sums outstanding thereunder are presently due and payable.

Further, please be advised that by virtue of the Default, the Borrower's license to collect the rents from the Mortgaged Property is terminated and the Lender is entitled to all present and past due rents.  Demand is hereby made on the Borrower to retain the rents, received by or on behalf of the Borrower on or after the date of default, for the benefit of the Lender.  Failure to retain the rents for the benefit of the Lender constitutes conversion.

The Lender reserves all of its rights and remedies for recourse liability under the Mortgage, the Note, the Guaranty and the other Loan Documents.

Please contact Alex Killick at 202-715-9549, for a total payoff amount.  You may forward your payment to:

### If by wire to:

Wachovia
Account # 50775-94-01-1216
Account name:  Property Income Division
ABA #: 053-000-219
Reference:  366 & 388 Veterans Memorial Highway -- Loan # 89000189

### If by check by overnight delivery:

Wachovia Wholesale Lockbox
1525 West W.T. Harris Blvd.
Building 2C2, Lockbox # 60253
Charlotte, NC 28262
Reference: 366 & 368 Veterans Memorial Highway-- Loan #89000189

### If by check by regular mail:

Wachovia Wholesale Lockbox
Real Estate Services
P.O. Box 60253
Charlotte, NC 28260-0253

Reference: 366 & 368 Veterans Memorial Highway-- Loan #89000189

ME1 9033835v.1

Jay R. Viders
September 25, 2009
Page 3

Any payments received that are less than the total amount due at the time of receipt of such payment will be applied toward any outstanding debt but shall not constitute an accord and satisfaction of your debt or waiver of any rights.

This letter should not be construed as a waiver of any other defaults that might exist, and is without prejudice to any and all actions that the Lender may choose to take at any time. The Lender hereby reserves all of its rights and remedies. Finally, if you have retained counsel to represent you in this matter, please provide me with the contact information as soon as possible.

A copy of this letter is being sent to the Guarantor. The Lender reserves all its rights and remedies under the Guaranty.

Very truly yours,

Eduardo J. Glas

cc:    Edward Newman, Esq. (via Federal Express)
       Jay R. Viders (via Federal Express)

ME1 9033835v.1

Jay R. Viders
September 25, 2009
Page 4

bcc:   Alex Guggenheim
       Alex Killick

ME1 9033835v.1