UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BANK OF AMERICA, NATIONAL
ASSOCIATION, AS SUCCESSOR BY MERGER
TO LASALLE BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF J.P. MORGAN
CHASE COMMERCIAL MORTGAGE
SECURITIES TRUST 2007-LDP 11,
COMMERCIAL MORTGAGE PASSTHROUGH
CERTIFICATES SERIES 2007-LDP 11,     **MEMORANDUM & ORDER**

                   Plaintiff     Civil Action No. 09-5296

    -against-

COMMACK PROPERTIES, LLC, and
JAY R. VIDERS,

                   Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**McCarter & English, LLP**
Attorneys for Plaintiff
245 Park Avenue, 27th Floor
New York, New York 10167
By:    Eduardo J. Glas

**Michael M. Premisler, Esq.**
Attorney for Defendants
One Old Country Road - Suite 360
Carle Place, New York 11514

**HURLEY, Senior District Judge:**

      This is a commercial foreclosure action commenced by Plaintiff Bank of America, as

Trustee, ("Lender") against defendant Commack Properties, LLC ("Commack") and Jay R.

Viders ("Viders") (collectively "Defendants"). Presently before the Court is Lender's motion for

summary judgment against Commack on its foreclosure cause of action[1] and Defendants' cross motion to compel arbitration. For the reasons set forth below, Lender's motion is granted and Defendants' cross-motion is denied.

## Factual Background

The following facts are undisputed unless otherwise noted.[2]

On or about March 26, 2007, Commack borrowed from AIG Mortgage Capital LLC (the "Original Lender") the principal amount of $5,000,000 (the "Loan"), for financing related to certain property owned by Commack and located at 366-368 Veterans Memorial Highway, Commack, New York (the "Property"). To evidence the Loan, Commack executed a Promissory Note dated March 26, 2007. As security for the Loan, Commack executed and delivered to the Original Lender a Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture filing (the "Mortgage"), dated March 26, 2007, and recorded in the real estate records of Suffolk County on April 27, 2007.

The Mortgage and Note, among other documents, were thereafter assigned to other entities. It is undisputed that Lender is the present holder of the Note and the Mortgage, among

---

[1] The complaint contains other causes of action, including for possession of the mortgaged property and for rents.

[2] Local Rule of Civil Procedure 56.1 of the U.S. District Court for the Eastern District of New York ("Rule 56.1") requires parties moving for summary judgment to submit a statement of the allegedly undisputed facts on which the moving party relies, together with citation to admissible evidence in the record supporting each such fact. *See* Local Rule 56.1(a), (d). Where, as here, the opponent then fails to controvert the facts set forth in the movant's Rule 56.1 statement or fails to cite evidence to supporting the controverting of a statement of material fact, those facts will be deemed admitted so long as supported by the admissible evidence — although they will not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001).

other documents.

Under the terms of the Loan, Commack is required to pay per month $29,900.00 in principal and interest and approximately $13,500 to cover insurance and taxes. Commack is presently in default under the terms of the Loan by, among other things, failing to make timely payments. Commack failed to make monthly payments in July, August, and September 2009. In October 2009, Commack remitted approximately $43,500 and thereafter remitted approximately $13,600 each month form November 2009 to February 2010. The defaults have not been cured and the Lender has accelerated all sums due under the Loan. Despite demand for payment, Commack has failed to pay all sums due under the Loan. The principal balance outstanding and due immediately under the Loan is at least $4,985,769.25 as of November 2009.

## Discussion

I.  **Summary Judgment Standard**

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Major League Baseball Props., Inc. v. Salvino, Inc.,* 542 F.3d 290, 309 (2d Cir. 2008); *Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009); *Coppola v. Bear Stearns & Co.*, 499 F.3d 144, 148 (2d Cir. 2007). No genuinely triable factual

issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *See SCR Joint Venture*, 559 F.3d at 137; *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. *See Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Cons. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted). Affidavits submitted in opposition to summary judgment must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (citing Fed. R. Civ. P. 56(e)). "Rule 56(e)'s requirement the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertions that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial." *Patterson*, 375 F.3d at

219 (citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999)).

When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55. A district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide the district court in its determination of a summary judgment motion. *See Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *See id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587). In deciding a summary judgment motion, a court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987).

## II. The Parties' Contentions

Lender maintains that it is entitled to summary judgment on its count for foreclosure as it has produced the mortgage, the unpaid note and evidence of default. Defendants have put forth no evidence disputing that there was a default on the mortgage. Rather, they maintain that this

5

matter is subject to an arbitration agreement and therefore have cross moved to stay this matter pending arbitration.  As a threshold issue, the Court shall first address whether this matter is subject to an arbitration agreement.

**III.   The Cross-Motion to Stay Pending Arbitration is Denied**

According to Defendants, in 2006 Commack made application for a mortgage loan, which application resulted in a commitment letter and an addendum to the commitment letter (collectively the "Commitment").  The Commitment contains the following provision: "Lender and Borrower agree to submit to binding arbitration any and all claims, disputes and controversies between them (and their respective employees, officers, directors, members, attorneys and other agents) relating to their respective rights and obligations under this Commitment . . . ."

"To determine whether a particular dispute falls within the scope of an agreement's arbitration clause, a court should undertake a three-part inquiry." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir. 2001).  "First, recognizing there is some range in the breadth of arbitration clauses, a court should classify the particular clause as either broad or narrow." *Louis Dreyfus Negoce*, 252 F.3d at 224. (collecting cases).
"Next, if reviewing a narrow clause, the court must determine whether the dispute is over an issue that is on its face within the purview of the clause, or over a collateral issue that is somehow connected to the main agreement that contains the arbitration clause." *Id*.  (internal quotations omitted) (citing *Rochdale Vill., Inc. v. Pub. Serv. Employees Union*, 605 F.2d 1290, 1295 (2d Cir.1979)).  "Where the arbitration clause is narrow, a collateral matter will generally be ruled beyond its purview." *Id.* "Where the arbitration clause is broad, there arises a

presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it." *Id.* (internal quotations omitted) (citing *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 23 (2d Cir.1995)). More importantly, "a presumption of arbitrability [can] only [be] overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techn., Inc.*, 369 F.3d 645, 653 (2d Cir. 2004) (emphasis added) *Cf. Louis Dreyfus Negoce*, 252 F.3d at 225 (stating that there are no "[n]o fixed rules [that] govern the determination of an arbitration clause's scope . . . [but] very expansive language will generally suggest a broad arbitration clause").

"While federal policy generally favors arbitration, the obligation to arbitrate nevertheless remains a creature of contract. Because arbitrators' authority arises only when the parties agree in advance to that forum, 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Louis Dreyfus*, 252 F.3d at 224 (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)).

First, the Court must address the scope of the instant arbitration clause. "No fixed rules govern the determination of an arbitration Clause's scope." *Louis Dreyfus*, 252 F.3d at 225. "In the end, a court must determine whether, on the one hand, the language of the clause, taken as a whole, evidences the parties' intent to have arbitration serve as the primary recourse for disputes connected to the agreement containing the clause, or if, on the other hand, arbitration was designed to play a more limited role in any future dispute." *Id.*

Here, the Court concludes that the scope of the arbitration clause is narrow. While the initial clause of the arbitration agreement referring to "any and all claims, disputes and controversies between them" is seemingly broad, that clause is then narrowed by the phrase "relating to their respective rights and obligations under this Commitment." *Cf. Loius Dreyfus*, 252 F.3d at 226 ("words of limitation . . . indicate a narrower clause") (internal quotations omitted).

Having determined that the instant arbitration clause is a narrow, the Court must proceed to determine whether the instant dispute is over an issue that is "on its face within the purview of the clause," or "over a collateral issue." As the instant dispute does not relate to the parties rights and obligations under the Commitment, the dispute is not within the purview of the clause. Accordingly, the cross-motion to stay this matter pending arbitration is denied.

**IV. The Motion for Summary Judgment is Granted**

"Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." *Regency Sav. Bank, F.S.B. v. Merritt Park Lands Associates*, 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001); *HSBC Bank USA v. Merrill*, 37 A.D.2d 899, 830 N.Y.S.2d 598 (3d Dept. 2007)*; Bank Leumi Trust Co. of New York v. Lightning Park, Inc.*, 215 A.D.2d 246, 626 N.Y.S.2d 202 (1st Dept. 1995); *FGH Realty Credit Corp. v. VRD Realty Corp.*, 231 A.D.2d 489, 647 N.Y.S.2d 229 (2d Dept. 1996) (introduction by the plaintiff of note and mortgage and evidence of non-payment establishes prima facie case for foreclosure). Once the mortgagee has established its prima facie case by presenting the Note, Mortgage and proof of default, the mortgagee has a presumptive right to foreclose which can

only be overcome by an affirmative showing by the mortgagor. *First Nat'l Bank of Highland v. J & J Milano, Inc.*, 160 A.D.2d 670, 553 N.Y.S.2d 448 (2d Dept. 1990) (noting that the appellants failed to produce any credible evidence of fraud, duress, oppressive or unconscionable actions, or bad faith on the part of the Bank which would entitle them to relief from their default).

Lender has met its initial burden. It has presented the Note and Mortgage, and the execution of those documents has been admitted by the defendants. Non-payment also has been admitted by the defendants and there is no allegation that Lender committed fraud, duress, oppressive or unconscionable actions, or bad faith. *See First Nat'l Bank*, 160 A.D.2d at 671, 553 N.Y.S.2d 448.

With respect to the defenses raise in Defendants' Answer, they are stricken. Those defenses asserting that proper notice of default and acceleration were not given are without merit. First, notice of default or acceleration was not required. The mortgage provides that upon default "Mortgagee may take such action, without notice or demand, as it deems advisable . . . ." (Mortgage, Ex. B to Guggenheim Declar., § 10.2. Additionally, it provides that upon default Lender may "declare the entire Debt to be immediately due and payable" and such acceleration provisions have been held to allow acceleration without serving notice. *See Trump Village Constr. v. Shell Road Corp.*, 1991 U.S. Dist. Lexis 6416 (E.D.N.Y. May 1, 1991). Also, the filing of the summons and complaint was sufficient notice of intent to accelerate. *See Clayton Nat'l Inc. v. Guldi*, 307 A.D.2d 982, 763 N.Y.S.2d 493 (2d Dept. 2003).

Those defenses relating to partial payment are similarly without merit. Allegations of partial payments remitted after default do not constitute a defense to a foreclosure action. Partial payment does not cure a default. *See Cardella v. Giancola*, 297 A.D.2d 618, 747 N.Y.S.2d 31

(2d Dept. 2002).

Although not raised as a defense in their answers, defendants' papers in opposition to the current motion allege that the default was "induced" by the Lender and therefore it would be inequitable to permit foreclosure. (Viders Aff. at ¶ 13). More specifically, it is alleged that recognizing that due to the sever economic downturn of 2008 it would be impossible for Commack to begin amortizing its mortgage in April 2009[3] as required, Commack sought to modify the Loan to extend the interest only term. It was advised however, that because the Loan was a collateralized obligation, there was a "special servicer" for the loan who could not be contacted. Rather, the Loan would come to the attention of the special servicer when payments were not made for 60 days. In other words, according to Defendants, they had "to go into default before [they could] speak to somebody about modifying it so that [they] don't go into default." (*Id.* ¶ 9.) According to Defendants "[h]aving been advised by the Plaintiffs' representatives that in order to "talk to anybody" about avoiding a default on our Loan, we first had to go into default, . . . it is inequitable and unwarranted to allow the Plaintiff to use that very self-same induced default in order to foreclose our equity in our property." (*Id.* ¶ 13.)

Assuming arguendo the truth of the foregoing, its does not present a defense to foreclosure. Absent is any claim that Defendants were told that if they defaulted no foreclosure action would be commenced. Nor are there any other facts submitted that might give rise to claim of estoppel. Finally, there is simply no obligation on the part of a mortgagee to modify repayment terms of the loan. *See, e.g., Marosu Realty Corp. v. The Community Preservation*

---

[3] During the first 24 months of the Loan, interest only was due, to be followed thereafter by payments of interest and principal amortization.

*Corp.*, 26 A.D.3d 74, 81-82, 808 N.Y.S.2d 628 (1st Dept. 2005); *cf. Wells Fargo Bank v. Sinnott*, 2009 WL 3157380 (D. Vt. Sept. 25, 2009) ("party asserting breach of the covenant of good faith and fair dealing must demonstrate that other party acted beyond merely observing the terms of the loan agreement") (internal quotations omitted).

As Defendants have not produced any evidence that would permit a trier of act to find fraud, duress, oppressive or unconscionable actions, or bad faith on the part of Lender which would entitle Commack to relief from its default, Lender's motion for summary judgment is granted.

## Conclusion

Lender's motion for summary judgment on its foreclosure claim against Commack is granted. Defendants' cross-motion to stay pending arbitration is denied. Lender shall file a proposed order within ten (10) days.

**SO ORDERED.**

Dated: Central Islip, New York
December 10, 2010

/s/
Denis. R. Hurley
Senior District Judge